# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN S., *individually and as Parent and Natural Guardian of A.S., a minor*, and SHANNON S., *individually and Parent and Natural Guardian of A.S., a minor*, <br><br> Plaintiffs, <br><br> vs. <br><br> OZARK R-VI SCHOOL DISTRICT, and MARK CABALLERO, *individually and in his official capacity as the Activities Director of Ozark High School*, <br><br> Defendants. | Case No. 11-3031-CV-S-RED |

## ORDER

Before the Court is Plaintiffs' Motion for Partial Summary Judgment (Doc. 49) and Defendant's Motion for Summary Judgment (Doc. 51). After careful consideration, this Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for Partial Summary Judgment and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Summary Judgment.

## BACKGROUND

Plaintiff A.S. received a ten day out of school suspension after she admitted to distributing prescription drugs to other students. For several years, it has been a policy of Ozark R-VI School District to allow students to complete their academic work to earn 50% credit during the term of an out of school suspension. Accordingly, A.S. received 50% credit on any work that she completed during the term of her suspension.

Plaintiff A.S. and her parents did not disagree with A.S.'s suspension. However, Plaintiffs disagree with the 50% grade reduction. Plaintiffs argue that they are entitled to further judicial review pursuant to MO. REV. STAT. § 536.150 or, in the alternative, that they are entitled to a contested case hearing pursuant to MO. REV. STAT. § 536.150. Plaintiffs additionally allege that the District's decision regarding the grade reduction and their refusal to conduct a hearing on this issue violated their substantive due process rights. Finally, Plaintiffs allege that their First Amendment right was violated when A.S.'s activity suspension was increased after A.S.'s parents called to question the District's decision regarding the 50% credit rule. Currently pending before the Court is Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment.

## STANDARD OF REVIEW

According to Fed. R. Civ. P. 56(a), summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When ruling on a motion for summary judgment, the Court should view the facts in the light most favorable to the adverse party and allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence." *Reed v. ULS Corp*, 178 F.3d 988, 990 (8th Cir. 1999). A party can show that a fact is not genuinely disputed by "showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

## LEGAL ANALYSIS

**I.   Plaintiffs are entitled to further judicial review under Missouri law and there is no genuine dispute as to any material fact regarding the outcome on judicial review.**

Plaintiffs argue that they are entitled to further judicial review under Missouri law,

2

specifically, MO. REV. STAT. § 536.150. Section 536.150 is applicable to the case at hand as school districts are agencies within the meaning of the Administrative Procedure Act *Kish v. Chilhowee R-I School Dist.*, 814 S.W.2d 649, 651 (Mo.Ct.App. 1991), and Plaintiff A.S. has a property right in education *State ex rel. Yarber v. McHenry*, 915 S.W.2d 325, 328 (Mo. 1995) and, further, a legal right to know the consequences of her actions. MO. REV. STAT. § 167.161.3 ("The local board of education of each school district shall clearly establish a written policy of discipline, including the district's determination . . . in which punishment will be applied."). Though Defendant argues that the applicability of § 536.150 is limited by § 167.171.1, which "authorize[s] the summary suspension of pupils by the principals of schools not to exceed ten school days . . .", this Court finds that the ten day suspension and the grade reduction were two separate punishments. Therefore, Plaintiffs are entitled to judicial review pursuant to § 536.150 of the grade reduction as the Defendant applied the grade reduction, but this decision was not subject to administrative review as Defendant denied Plaintiffs' appeal to restore full credit for the work, Plaintiff's request to have the school board hear their argument for the restoration of full credit was denied, and no further appeal was available administratively or by judicial review.

Moreover, Ozarks School Board Policy IK states that ". . . grades are not to be used as a disciplinary measure." Nonetheless, Plaintiffs' grades were reduced as a disciplinary measure. Further, the District's policy regarding drugs and alcohol did not set forth the fifty percent credit rule as required by § 160.261 which requires the district establish a written policy of discipline. Therefore, for the above stated reasons, Defendants' grade reduction policy was unlawful and Plaintiff is entitled to judgment as a matter of law on Count I.

**II.      Plaintiffs' claim pursuant to 42 U.S.C. §§ 1983 and 1988 fail as a matter of law.**

3

Plaintiffs additionally allege that the grade deduction and the District's refusal to conduct a hearing on this issue violated Plaintiff's substantive due process rights. To establish a substantive due process claim, Plaintiffs must "show that there was no rational basis for the [school's] decision or that the decision was motivated by bad faith or ill will." *Disesa v. St. Louis Comm. College*, 79 F.3d 92, 95 (8th Cir. 1996). Moreover, a substantive due process claim is "'properly reserved for truly egregious and extraordinary cases.'" *Novotony v. Tripp Cnty., South Dakota*, ---- F.3d ----, 2011 WL 6306700 at * (8th Cir. 2011)(quoting *Myers v. Scott Cnty.*, 868 F.2d 1017, 1019 (8th Cir. 1989)).

In support of their argument, Plaintiffs rely upon *Smith v. School City of Hobart*, 811 F.Supp. 391 (N.D. Indiana 1993) and *Katzman v. Cumberland Valley School District*, 479 A.2d 671 (1984). However, not only are neither of these cases binding on this Court, but, in both of these cases, the student's final grade was reduced a particular percentage for each day the student was suspended, and, thus, unrelated to the school work that was to be completed during the student's actual suspension. Therefore, for the above stated reasons, the Court finds that Plaintiffs claims under 42 U.S.C. §§1986 and 1988 fail as a matter of law.

### III. There is not a dispute issue as to any material fact regarding Plaintiffs' First Amendment claim.

Plaintiffs allege that Defendants violated Plaintiffs' First Amendment rights by increasing A.S.'s activities suspension from 30 to 180 days after A.S.'s parents questioned the District's decision concerning A.S.'s grade reduction. In order to prove a First Amendment violation, Plaintiff must show: (1) the relevant speech involves a matter of public concern; (2) the relevant speech was a substantial or motivating factor in the action taken against the Plaintiff; and (3) whether the same action would have been taken by the Defendant in the absence of the protected activity. *Carlson v.*

*Midway R-I School Dist.*, 1994 WL 409590 at *3 (W.D. Mo. 1994) citing *Hamer v. Brown*, 831 F.2d 1398 (8th Cir. 1987). The Plaintiff has the burden to prove he engaged in conduct protected by the First Amendment and, further, that the protected conduct was a substantial or motivating factor in the action taken against the Plaintiff. *Hughes v. Stottlemyre*, 506 F.3d 675, 678 (8th Cir. 2007). After the Plaintiff fulfills this burden, the burden shifts to the Defendant to prove that the same action would have been taken in the absence of the protected activity. *Carroll v. U.S. Dep't of Labor*, 78 F.3d 352, 357 (8th Cir. 1996). For purposes of the summary judgment motion, Defendants assume Plaintiffs' speech was protected activity.

     Dr. Patterson's allegation that he determined that A.S.'s activities suspension was incorrect before A.S.'s mother called the school is in conflict with Ms.Wilson's e-mail of October 11, 2010 which suggests that the determination regarding A.S.'s activities suspension was made after A.S.'s mother called the school and Dr. Patterson's own testimony that Mr. Caballero and Dr. Taylor interpreted and applied the policy regarding the activities suspension. Thus, there is a genuine issue of material fact as to whether there is a causal connection between the relevant complaint and A.S.'s increased suspension. Moreover, A.S.'s activities suspension was increased the same day that A.S.'s mother called the school and "an adverse action that occurs on the heels of protected activity 'is significant evidence that what happened . . . was more than just coincidence." *Davison v. City of Minneapolis, Minn*, 490 F.3d 648, 657 (8th Cir. 2007) quoting *Stever v. Independent School Dist. No. 625*, 943 F.2d 845, 852 (8th Cir. 1991).

     However, there is not a genuine issue of material fact as to whether Defendants would have performed the same action in the absence of the protected activity. The District's policy provides for an activities suspension of 180 days for the distribution of drugs. The policy specifically states,

5

under the subsection regarding penalties for out of school offenses regarding substances abuse,: "c. Possession of illegal controlled substance: 30 day restriction from participation from all school activities. Student will be allowed to practice during this time." ; "d. Distribution of illegal controlled substance: 180 school day restriction from participation from all school activities. Students will not be allowed to practice during this time."

A.S. admitted to distributing prescription drugs, specifically Hydrocodone, to other students. Though Plaintiffs argue that Hydrocodone does not fall under the definition of illegal controlled substance, Hydrocodone is identified as a controlled substance under Schedule II. MO. REV. STAT. § 195.017.4(1)(a)(j). Accordingly, pursuant to District policy, A.S. was to receive a 180 school day restriction from participation in all school activities and, thus, there is not a genuine issue of material fact as to whether the same action would have been taken by Defendants in the absence of the protected activity.

### IV.     Plaintiffs' claim asserted against Mark Caballero in his individual capacity fails as a matter of law.

In Count IV, Plaintiffs allege that Mark Caballero, in his individual capacity, violated Plaintiffs' First Amendment rights pursuant to 42 U.S.C. § 1983. As stated above, there is a genuine issue of material fact as to who made the decision to increase A.S.'s activities suspension. However, there is not a genuine issue of material fact as to whether the increased suspension would have occurred regardless of the relevant complaint. Accordingly, Plaintiff does not have a First Amendment claim against any of the Defendants, including Mark Caballero in his individual capacity, as there is not a genuine issue of fact as to whether the same action would have been taken by Defendants in the absence of the protected activity.

### CONCLUSION

For the above stated reasons, Plaintiffs' Motion for Partial Summary Judgment is **GRANTED IN PART** and **DENIED IN PART** and Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. Summary judgment is entered in favor of Plaintiffs on Count I. Defendants' grade reduction policy is unlawful; thus, this Court orders the District to give A.S. full credit for all work she made up for the period of time she was suspended and to reflect full credit for this work on A.S.'s transcript. Moreover, Plaintiffs' allegation under Count II is dismissed as Plaintiffs alleged Count II in the alternative to Count I. Moreover, for the above stated reasons, Count III fails as a matter of law. Finally, summary judgment is entered in favor of Defendants on Count IV.

**IT IS SO ORDERED**.

DATED: January 18, 2012            */s/ Richard E. Dorr*
                                   RICHARD E. DORR, JUDGE
                                   UNITED STATES DISTRICT COURT